Berenzweig v. Krecun, 188 Ill. App. 586.

---

## Esther Berenzweig, Appellee, v. Abe Krecun, Appellant.

## Gen. No. 19,355.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

## Statement of the Case.

Action by Esther Berenzweig against Abe Krecun instituted in the Municipal Court, March 13, 1912, to recover damages for alleged breach of a promise to marry. From a judgment entered on a verdict in favor of plaintiff, defendant appeals.

Appellant urges as ground for reversal that the verdict is unsupported by the evidence; that the suit was prematurely brought; that under the pleading it was necessary for appellee to prove that she requested performance of the alleged marriage contract

and that appellant refused to perform, and no such proof was made.

Appellee's statement of claim was as follows:

"For that whereas on or about the 15th day of 1912, in the City of Chicago, County of Cook and State of Illinois in consideration that the plaintiff, being then unmarried, had then and there promised defendant, at his request, to marry him, when she, the plaintiff, should be thereto requested, the defendant promised the plaintiff to marry her, and the plaintiff avers that she, confiding in the said promise of the defendant has always from thence hitherto remained and still is unmarried and has been for all the time aforesaid and still is ready and willing to marry him. That although plaintiff, after making of said promise of the defendant on the day aforesaid, has requested the defendant to marry her, the defendant did not nor would he then marry the plaintiff, but refuses so to do, whereby the plaintiff has sustained damages to the extent of the sum of $5,000."

The affidavit of merits filed by appellant stated his defense as follows: "That defendant never at any time promised to marry the plaintiff."

B. M. SHAFFNER, for appellant.

BLUM & BLUM and NATHAN S. SCHOENBROD, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 117*—*when undenied facts are admitted.* It is a fundamental rule in pleading that a material fact asserted on one side and not denied on the other is admitted.

2. PLEADING, § 117*—*when facts not put in issue are admitted.* In a suit to recover damages for breach of a promise of marriage, where under the pleadings the only material fact in issue was whether defendant made such promise, *held* that upon proof by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff of such promise, plaintiff's allegations of her request to defendant to marry her and of his refusal to do so were admitted.

3. BREACH OF MARRIAGE PROMISE, § 23*—*when issue properly submitted to jury.* In a suit for breach of a promise to marry, where plaintiff's evidence tended to show that defendant promised in December to marry her the following May and that she expressed her willingness to then marry him, and defendant's evidence tended to show that he did not so promise to marry plaintiff, *held* that the case was properly submitted to the jury on such issue and that a verdict for plaintiff was sustained by the evidence, it appearing that the facts and circumstances in evidence, other than direct testimony of the parties, tended to corroborate the plaintiff rather than the defendant.

4. APPEAL AND ERROR, § 370*—*when objection that suit was prematurely brought will not be considered.* An objection that the suit was prematurely brought cannot be raised for the first time in the Appellate Court.